UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: APPLICATION OF THE UNITED
STATES OF AMERICA FOR ORDER
PURSUANT TO THE TREATY ON MUTUAL
ASSISTANCE IN CRIMINAL MATTERS AND
TITLE 18, UNITED STATES CODE,
SECTION 3512

Misc. Case No._____

Request for Assistance from the Italian Republic,
U.S. Criminal Matter: 182-66409
_____/

## APPLICATION FOR ORDER TO APPOINT COMMISSIONER

The United States of America, by and through its undersigned counsel, hereby files this *Application for Order to Appoint Commissioner*, pursuant to 18 U.S.C. § 3512, appointing Assistant United States Attorney Michael B. Nadler, or a substitute or successor, subsequently designated by the Office of the United States Attorney, as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the above captioned request from the Ministry of Justice, Public Prosecutor's Office at the Court of Milan, Italy made pursuant to the Treaty.  In support of this application, the United States asserts:

RELEVANT FACTS

On November 12, 2018, the Ministry of Justice, Italy, submitted a request for assistance (hereinafter, the Request) to the United States of America, pursuant to the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the Treaty Between the United States of America and the Italian Republic on Mutual Legal Assistance in Criminal Matters, U.S.-Italy, Nov. 9, 1982, S. TREATY DOC. 98-25 (1984)

(hereinafter, the Treaty). Under the Treaty, the United States of America has an obligation to render assistance to the Italian Republic.

The Public Prosecutor's Office at the Court of Milan, Italy is conducting an criminal investigation of Loredana Pernici, reference number 21143/2018 R.G.N.R. mod 21, for having committed a crime under Article 322-bis, of the Italian Criminal Code in Milan (embezzlement) ascertained before or about 31 December 2013; which occurred during July 2009 through December 2018 (applicable law is included as Attachment A).

According to Italian authorities, Loredana Pernici ("Pernici") is the Manager of Polieco SRL ("Polieco"), a company located near Brescia, Italy that manufactures and markets plastics and related machinery. Pernici allegedly entered into corrupt agreements with Venezuelan public officials in order to obtain economic advantages for Polieco. In return, Pernici made payments to companies controlled by people close to the Venezuelan public officials, namely Bariven SA, a subsidiary of the Venezuelan government run company, Petroleos De Venezuela SA (PDVSA). In addition, the Italian authorities are investigating a Venezuelan company called Excell Plastic C.A. ("Excell") for corruption, money laundering and criminal organization in relation to their mediation activities on behalf of the Italian companies Polieco and Elachem Spa. Excell (and its predecessor, Interlink) issued invoices to Polieco on the basis of their contract for 955,818.415 Euros ($1,095,845 USD). Italian authorities suspect Polieco was paying indirect kickbacks to Venezuelan officials.

During February 2012, Italian authorities noticed a change in the way payments were made by Polieco. Amounts were received under the contract at Interlink's Panamanian accounts and at Excell's accounts at Mercantil Commerce Bank.

Pernici allegedly transferred 651,554 Euros ($747,000 USD) to Mercantil Commerce Bank

located in Switzerland and the United States for the sale of petrochemical products by Polieco to Bariven.  Excell then transferred funds to Jorge Felix Maritez Campo, a Venezuelan citizen, and an offshore account in the name Caliel Service S.A. BVI, registered to Pernici.

To further their investigation, the Italian authorities have asked the U.S. Department of Justice, Office of International Affairs, to:

- Request bank records for the account of Excell Plastic C.A. located at Mercantil Commerce Bank N.A., Coral Gables, Florida (account number xxxxxxxx06) for the period of August 1, 2012 to present, including account opening information.

## LEGAL BACKGROUND

A. <u>The Treaty</u>

A treaty constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See <u>Asakura v. City of Seattle</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  <u>United States v. Stuart</u>, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).

The United States and the Italian Republic entered into the Treaty "Desiring to conclude a Treaty on mutual assistance in criminal matters."  Preamble to the Treaty.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  In addition, Article 4(1) of the Treaty, like 18 U.S.C. § 3512, states:

> The Central Authority of the Requested State shall promptly comply with a request or, when appropriate, transmit it to the authority having jurisdiction to do so. The competent officials of the Requested State shall do everything in their power to execute a request. The courts of the Requested State shall issue subpoenas, search warrants, or any other process necessary in the execution of a request.

B.   18 U.S.C. § 3512

When executing a treaty or non-treaty request for assistance from a foreign authority, the designated attorney for the Government may file an application to obtain any necessary court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

An application for execution of a request under this section may be filed in this district, where the majority of the evidence is located.

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters. Section 18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign

Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

An application is duly authorized by an appropriate official of the U.S. Department of Justice, Office of International Affairs which serves as the "Central Authority" for the United States of America; has reviewed and authorized the request, and executes the request itself or delegate execution of the request to another attorney for the Government.[2]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R.  0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[3] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena."  Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States, 18 U.S.C. § 3512(f) (a copy of a "Commissioner  Subpoena" is included as Attachment B).

C.     REQUEST FOR ORDER

As evidenced by a letter of referral dated December 11, 2018 from the Office of International Affairs to the United States Attorney's Office for the Southern District of Florida, for execution of the request. Consequently, this application for an Order appointing the undersigned Assistant U.S. Attorney as a "Commissioner," to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority."  The Ministry of Justice, the designated Central Authority in the Italian Republic for requests made pursuant to the Treaty.  Furthermore, the Order is necessary to execute the Request,

and the aforementioned assistance requested, falls squarely within that contemplated by both the Treaty and Section 3512. Lastly, the witnesses sought and documents requested, appear to be located in the Southern District of Florida.

Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), an order and commissioner subpoena issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient of the commissioner subpoena.

Therefore, the United States respectfully requests this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney or a substitute or successor, subsequently designated by the U.S. Attorney's Office, Southern District of Florida as a commissioner, authorized to take the actions necessary, including the issuance of a commissioner subpoena, to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

ADRIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ *Michael B. Nadler*
Michael B. Nadler
Assistant United States Attorney
Florida Bar No. 51264
U.S. Attorney's Office-SDFL
99 NE 4th Street
Miami, FL 33132
Tel.    (305) 961-9244
Email: Michael.Nadler@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 4, 2019, the foregoing document was filed with the Clerk using CM/ECF.

/s/ *Michael B. Nadler*
Assistant United States Attorney